```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X     For Online Publication Only
U.S. BANK TRUST, N.A., AS TURSTEE FOR
LSF9 MASTER PARTICIPATION TRUST,
                                                                            ORDER
                                              Plaintiff,                    18-cv-01540 (JMA) (AKT)

                -against-
                                                                            FILED
                                                                            CLERK
PANKAJ PATEL AKA PANKHA PATEL, and
VARSHA PATEL,                                                               3/7/2019 3:23 pm

                                                                            U.S. DISTRICT COURT
                                                                            EASTERN DISTRICT OF NEW YORK
                                              Defendants.                   LONG ISLAND OFFICE
----------------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (the "Plaintiff") brought this diversity[1] action against defendants Pankaj Patel AKA Pankha Patel and Varsha Patel (the "Defendants") seeking to foreclose on a mortgage encumbering the property at 3 Mountain Street, Lake Ronkonkoma, NY 11779 (the "Subject Property"). (See Compl., ECF No. 1.) Before the Court is Plaintiff's motion for default Judgment of Foreclosure and Sale against the Defendants pursuant to Fed. R. Civ. P. 55(a) and New York Real Property Actions and Proceedings Law ("RPAPL") Article 13. (ECF No. 12.) Plaintiff requests that the Court appoint a Referee to effectuate a sale of the Subject Property and to disburse the funds from such sale pursuant to RPAPL § 1321 and Fed. R. Civ. P. 53. Plaintiff also moves for monetary damages, as

---

[1] U.S. Bank Trust, N.A. is the real party to the controversy for purposes of subject matter jurisdiction. "[A] national bank is a citizen only of the state listed in its articles of association as its main office." OneWest Bank, N.A. v. Melina, 827 F.3d 214, 219 (2d Cir. 2016). The Complaint only indicates that U.S. Bank Trust, N.A.'s "principal executive office" is in Delaware. (ECF No. 1 ¶ 2). Plaintiff did not properly allege that the location of the main office creates diversity in its Complaint, but in the Articles of Association attached to the instant motion, U.S. Bank Trust, N.A.'s "main office" is listed in Delaware. (ECF No. 12-2.) The record therefore establishes the requisite diversity of citizenship between the parties, and the Court deems the complaint amended to properly allege diversity jurisdiction. Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F. 3d 56, 64-66 (2d Cir. 2009).

well as attorney's costs and fees. For the reasons stated herein, Plaintiff's motion is GRANTED, and Plaintiff is awarded damages and additional relief as described below.

## I. DISCUSSION

### A. Defendants Defaulted

Defendants were properly served in this action, but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

### B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citing Campaign v. Barba, 805 N.Y.S.2d 86 (2d Dep't 2005)). Here, Plaintiff appends to the Complaint a Certificate of Merit Pursuant to CPLR 3012-B which includes copies of the mortgage, the mortgage note, the loan modification agreements, and the assignment of that mortgage to Plaintiff. (ECF No. 1-3.) Moreover, attached to the instant motion are the 90-day notices sent to Defendants, and the Notice of Pendency of Action filed in the Suffolk County Clerk's Office in accordance with RPAPL § 1331 and CPLR Article 65. (Pl.'s Mem Exs. C, F.) This documentary evidence, together with the allegations in the complaint and Affidavit of Kolette Modlin ("Modlin Aff."), is sufficient to establish the Defendants' liability. Thus, Plaintiff has established its right to foreclose upon the Subject Property and a judgment of foreclosure will be entered appointing

Plaintiff's recommended Referee, Thomas J. Stock, Esq., as Referee to effectuate the sale of the Subject Property.

C. **Damages**

In addition to foreclosure of the Subject Property, plaintiff requests an award of monetary damages. "'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff seeks recovery of the Principal Balance of $400,000.00 owed by the Defendants on the Note and Mortgage; together with interest at 4.00% per annum, $35,745.79 in Deferred Principal, $12,045.81 in Deferred Mod Interest, $105.00 in Deferred Fees, $7,133.60 in Deferred Escrow, $13,657.00 in Escrow Advances, $135.00 in Property inspections/Preservation, and $118.50 for the Broker Price Opinion. The Court finds that Plaintiff's submissions, including the Complaint and the Modlin Aff., together with the exhibits annexed thereto, establish the damages to a reasonable certainty, including prejudgment interest of 4.00% per annum. Accordingly, Plaintiff is awarded $468,940.70 in damages and $28,232.96 in interest on the Principal Balance calculated at 4.00% per annum from June 1, 2017 through the date of this Order (calculated at a per diem rate of $43.84) for a total award of $497,173.66.

### D. **Attorney's Fees and Costs**

Plaintiff also requests an award of $2,525.00 in attorney's fees and $891.56 in litigation costs incurred in litigating this action. (Pl.'s Mem. Ex. K.)  Under both the Note and the Mortgage, Plaintiff is entitled to the recovery of attorney's fees and costs in the event of a default. Accordingly, Plaintiff should be entitled to reasonable costs and fees.

In determining a reasonable attorney's fees award, both the Supreme Court and Second Circuit "have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted).  Such "[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay." Barrella v. Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted). "[A] district court should generally use the prevailing hourly rates in the district where it sits." Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013).

Here, Plaintiff's counsel, Gross Polowy, LLC charges a flat fee of $2,525.00 for foreclosure work and thus does not maintain individual timesheets.  (Pl.'s Mem. Ex. J.)  Plaintiff instead submits an Attorney Fee Affirmation ("Fee Aff.") with a noncomprehensive list of the legal work Gross Polowy, LLC performed on this file and the estimated time spent on each task.  (Id.)

While the Fee Aff. does not include contemporaneous time records, courts in this District have recognized that flat-rate attorney's fees can be awarded without specific contemporaneous time records when there is an adequate description of the work provided.  See CIT Bank, N.A. v. Seeram, No. 16-CV-2608, 2017 WL 8220204, at *6 (E.D.N.Y. Feb. 15, 2017), report and recommendation adopted, 2018 WL 1308003 (E.D.N.Y. Mar. 13, 2018) Incredible Foods Grp., LLC v. Unifoods, S.A. De C.V., No. 14-CV-5207, 2016 WL 4179943, at *6 (E.D.N.Y. Aug. 5,

4

2016); One West Bank, N.A v. Raghunath, No. 14-CV-3310, 2015 WL 5772272, at *6 (E.D.N.Y. Sept. 8, 2015) report and recommendation adopted as modified, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015).  The Court has reviewed the billing records and finds the attorney's fees and litigation costs detailed therein to be reasonable and within the general rate ranges for foreclosure actions.  Accordingly, Plaintiff is awarded $2,525.00 in attorney's fees and $891.56 in litigation costs.

## II.  CONCLUSION

For the reasons stated above, Plaintiff's motion for a default Judgment of Foreclosure and Sale against Defendants is granted, and Plaintiff is awarded a total of $468,940.70 in damages and $28,232.96 in interest on the Principal Balance calculated at a per diem rate of $43.84 from June 1, 2017 through the date of this Order.  In addition, Plaintiff is awarded $2,525.00 in attorney's fees and $891.56 in litigation costs, for a total award of $500,590.22.   The Court will enter a Judgment of Foreclosure and Sale consistent herewith, at which time the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated:  March 7, 2019
        Central Islip, New York

                                          /s/     (JMA)
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE